JUDGE GOFER
delivered thN opinion oe the court.
The appellant, having been found guilty of the crime of murder and sentenced to be confined in the penitentiary for life, obtained leave to apply to a judge of this court for an order granting an appeal; and it appearing to the court before which he was tried that there was danger that he would escape from the jail of that county, the sheriff was ordered to transfer the appellant to the jail of Jefferson County for safe keeping. On the way from one jail to the other appellant jumped from a window of the car in which he was being transported and made his escape, and is now at large.
The appeal having been granted, the attorney-general has entered a motion, based on an affidavit of the deputy sheriff *527 from whose custody the appellant escaped, to dismiss the appeal on the ground that as the appellant is not in custody to abide such judgment as may be rendered he has no right to prosecute the appeal.
It seems to us clear, both upon principle and authority, that the motion ought to be sustained. The court ought not to do a nugatory act; yet if we proceed to try this appeal, the appellant can not be compelled to submit to our decision if it should be against him, and ought not therefore to be allowed to reap the benefit of. a decision in his favor. He might thus be enabled to defeat the ends of justice entirely, for he may be able to keep beyond the reach of the officers until by the death or removal of witnesses or other causes his conviction upon a second trial would be rendered improbable, if not impossible. As he has chosen to undertake to relieve himself by flight, in contempt of the authority of the court and of the law, he can not also invoke the aid of this court.
In The State v. Rippon (2 Bay, 99) it was held by the Supreme Court of South Carolina that wherever corporal punishment was either probable or certain the defendant should be in the power of the court before they proceeded to hear a motion for á new trial; and the court refused to hear an argument on the motion, but directed that a bench-warrant be issued, that the defendant might be arrested and punished pursuant to the judgment.
In Rex v. Teal and others (11 East, 307) two persons were jointly indicted for a misdemeanor, and were tried together and convicted; and upon an offer by one of them, who was then in court, to move for a new trial, the court inquired if both were present, and being informed that one was absent, refused to permit the motion to be made, because a new trial could not be granted to one without granting it to the other also.
The motion is sustained and the appeal is dismissed.