CASE 100—INDICTMENT—JANUARY 2.

# Norton, &c., v. The Commonwealth.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. Judgment having been rendered against appellants for fine and imprisonment, it was their duty to render themselves in execution of the judgment, or suspend it by the execution of a supersedeas bond.
2. Failing to do this, their appeal to this court is dismissed.

MORTON & PARKER AND J. B. HUSTON FOR APPELLANTS.

An indictment for setting up a faro bank should aver that money or some other thing is or may be won or lost thereby.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellants were found guilty by the verdict of the jury and the judgment of the court of the offense of setting up a faro bank, and adjudged to pay each a fine of $500, and to be imprisoned in the county jail for one year and thereafter for a period of 250 days, unless the fines should be sooner paid.

It·appears that they were then "called and failed to ap-- pear and render themselves in execution of the judgment herein against them," and their bail was forfeited.

The court subsequently permitted them to enter a motion. for a new trial, which was overruled, and they seek by this. appeal to reverse the judgment against them.

The Attorney General now moves to dismiss the appeal, and bases his motion on the fact shown by the record that they failed to surrender themselves into the custody of the court, as they were legally bound to do, or to suspend the· judgment by the execution of a supersedeas bond.

We decided in Wilson v. Commonwealth (10 Bush, 526), that Wilson, having escaped from custody, and therefore not being in a condition in which he could be compelled to· submit to our decision, if against him, he ought not to be· allowed to have the benefit of the decision if it was in his. favor; and his appeal was dismissed, and that decision has been followed in a number of unreported cases.

The appellants were bound by recognizance, if convicted, to surrender themselves in execution of the judgment; this they have failed to do, and they should not have been al- lowed to move for a new trial (State v. Ripon, 2 Bay, 99),. and their appeal will not be heard in this court.

Wherefore, the appeal is dismissed.