## Crum v. Commonwealth.

(Decided June 10, 1930.)

JOHN CAUDILL, JOE P. TACKETT, O. C. HALL and W. W. WILLIAMS for appellant.

J. W. CAMMACK, Attorney General, DOUGLAS C. VEST, A. J. MAY and EDWARD L. ALLEN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Dismissing appeal with leave to move for reinstatement.

The appellant, Jack Crum, was convicted in the Floyd circuit court of the crime of voluntary manslaughter and punished by confinement in the penitentiary for a period of 21 years. After his conviction he prosecuted an appeal to this court and filed a transcript of the record with its clerk. He did not execute bond pending his appeal, and he was transferred by an order

of the Floyd circuit court and placed in the jail of Fayette county for safe-keeping until his appeal was disposed of. While there confined, and while his appeal was pending, he broke jail and effected his escape. The commonwealth has made a motion in this court to dismiss the appeal because, as contended, his voluntary escape from the custody of the law was and is a contempt of this court and furnishes legal grounds for the dismissal of the appeal, and with which we agree.

The general rule of practice in such cases is thus stated in the text of 17 C. J. 195, sec. 3513: "The escape of defendant from custody after conviction deprives him of the benefit of a review, and whether he escapes before or pending his appeal it may be dismissed on motion, unless he surrenders himself before the matter is determined or within a time fixed by the Court." The same prevailing rule of practice is stated to be the correct one in the text of 2 R. C. L. 63, sec. 46, and in which it is stated, inter alia: "The usual practice seems to be, however, not to make the order of dismissal final until the accused has had an opportunity to surrender himself to the proper custody and submit to the jurisdiction of the Court."

This court in the case of Wilson v. Commonwealth, 10 Bush, 526, 19 Am. Rep. 76, had the question before it and which was presented by a similar motion by the commonwealth, and it was sustained in an order which from the opinion appears to have been final and absolute. However, it is conceivable that the escaped convict might have some plausible excuse for his contemptuous conduct, though not a legal one, and which might present grounds for the exercise of discretion of the appellate court, upon proper application made, to reinstate the appeal within a reasonable time after its dismissal upon the surrender of the appellant. Such an example would be where close relatives of the convict were in a dying or most needy condition and he was prompted in his act of escape to attend upon or relieve their situation. We therefore think it the better rule, as stated in the two texts supra, to fix a reasonable time within which appellant may surrender himself and make application for a reinstatement of the appeal, to be determined by the court from the evidence heard thereon in the exercise of a sound discretion.

We have therefore concluded that in this case the motion should be sustained and the appeal dismissed, with the right of the appellant to surrender himself and make application within six months from this date for a reinstatement thereof since an absolute and final dismissal would be a complete bar to this court's right to review the trial because the time for prosecuting an appeal has now elapsed.

Wherefore the motion is sustained, and the appeal is dismissed with leave for appellant to move for its reinstatement at any time within six months from this date.