### JACKSON et al. v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 7, 1952.

J. B. Campbell, Carlos B. Pope, Barbourville, for appellants.

A. E. Funk, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

SIMS, Justice.

The joint trial of Frank Jackson and his parents, Bob and Mattie Jackson, in the Knox Circuit Court on the charge of assault and battery resulted in the conviction of all. Frank and Bob were each given a fine of $300 and a term of 90 days in the county jail, while the jury fixed Mattie's punishment at a fine of $100 and 30 days in jail. All three moved this court to grant them an appeal. As we read the briefs, their sole ground for reversal is that the court erred in refusing to direct a verdict for the accused.

■ At the outset, we are met with a motion by the Commonwealth to dismiss the motion for an appeal by Frank on the ground that he never executed a supersedeas bond and is a fugitive from justice. It appears from the record Frank did not supersede the judgment, voluntarily left the realm and is now in the United States army serving in the Canal Zone. This requires his appeal to be dismissed. Norton v. Com., 78 Ky. 501; Crum v. Com., 232 Ky. 331, 23 S.W.2d 550.

The principal prosecuting witness was Sampson B. Knuckles, County Atttorney of Knox County. On the occasion when the trouble arose Mr. Knuckles was in a rural community near the home of the three Jacksons investigating the illegal sale of liquor and interviewing some witnesses on this subject. It appears from the record he had previously prosecuted the accused and they were disgruntled on that account. The uncontradicted proof shows Frank asked his father to stop the car in which they were riding, alighted therefrom, went back to where Mr. Knuckles was seated in his car, cursed Knuckles, attempted to pull him out of the car, struck him and tore off his shirt and tie.

■ Mr. Knuckles and several other witnesses for the Commonwealth testified Bob came to the door of the Knuckles car opposite from the door thereof where Frank stationed himself, and Bob laid one hand on the door of Knuckles' car with the other in his pocket, cursed Knuckles and said to Frank, "Get the son-of-a-bitch out of there. Jerk him out of the car". Bob's testimony is he did not put his hand in his pocket or curse Knuckles, but went to the Knuckles car only for the purpose of dissuading Frank from pulling Knuckles out of the car and attacking him. Under this conflicting evidence it is patent Bob was not entitled to a directed verdict. Clearly, it was for the jury to determine under the appropriate instruction given by the court whether to believe the testimony of the Commonwealth or that offered by Bob and his witnesses. The motion of Bob for an appeal is denied and the judgment as to him is affirmed.

We have a different situation as to Mattie. No witness put her at the scene of the difficulty her son had with Knuckles. Clandis Powell, testifying for the Commonwealth, stated Mattie was 200 yards from the Knuckles car when Frank attacked Mr. Knuckles and was being held by a negro woman to prevent her from approaching the place of the fight. Boyd Davis, a deputy sheriff introduced for the Commonwealth, testified Mattie was 150 yards from the affray. Previous to the fracas Mattie while walking down the public road passed Mr. Knuckles seated in his car and when he said, "Good morning, Mrs. Jackson", she replied, "You son-of-a-bitch, you have no business up her meddling in our business".

■ We have approved this definition: "An assault is an unlawful offer of corporeal injury to another by force, or force unlawfully directed toward the person of another, under such circumstances as create a well-founded fear of immediate peril." Jenkins v. Kentucky Hotel, 261 Ky. 419, 87 S.W.2d 951, 952, and authorities therein cited.

■ When Mr. Knuckles said, "Good morning" to Mrs. Jackson and she replied by calling him "son-of-a-bitch", very likely

he became confused and embarrassed. But however culpable may have been her words, or attitude, we do not think Mr. Knuckles could reasonably have anticipated Mrs. Jackson was going to attack him and he could have had no "well-founded fear of immediate peril". When a gentleman speaks to a lady possessing Mattie's rugged personality he should not be abashed if she calls him a son-of-a-bitch. He should merely consider it one of the vicissitudes of life and go on his way rejoicing, comforted by the thought that women are often mistaken.

The motion for an appeal is dismissed as to Frank, and it is denied as to Bob and the judgment is affirmed as to him. The motion is sustained as to Mattie, the appeal granted and the judgment as to her is reversed with directions to give an peremptory instruction in her favor in the event of another trial should the evidence be substantially the same.

The judgment is affirmed in part and reversed in part.