**Charles LEMASTER, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2012–CA–000704–MR.

Court of Appeals of Kentucky.

April 19, 2013.

Karen Shuff Maurer, Department of Public Advocacy, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, William Robert Long, Jr., Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, MOORE, and TAYLOR, Judges.

*OPINION*

COMBS, Judge:

Charles Lemaster appeals the order of the Boyd Circuit Court that revoked his probation. Because Lemaster is a fugitive at large, we must dismiss the appeal.

On August 29, 2011, Lemaster pleaded guilty to criminal possession of a forged instrument in the second degree. On January 6, 2012, he was sentenced to five years' incarceration, which was probated for five years. At that time, Lemaster was informed that he needed to report to the Department of Probation and Parole for supervision. Lemaster never reported for supervision.

On March 16, 2012, the trial court held a hearing and revoked Lemaster's probation. Lemaster did not appear for the hearing, and he had not reported for supervision.

On appeal, Lemaster argues that his due process rights were violated because the hearing was held *in absentia*. However, we are unable to reach the merits of Lemaster's appeal.

Nothing in the record suggests that Lemaster has ever reported or has been arrested; the record does show that an active warrant exists for him. Therefore, he is a fugitive.

No persuasive reason exists why [courts] should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.... [W]e conclude ... that the Court has the authority to dismiss the appeal on this ground.

*Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498, 498–99, 24 L.Ed.2d 586 (1970). The predecessor of our Commonwealth's Supreme Court has also dismissed appeals on the basis of the fugitive status of the appellants. *Harris v. Commonwealth,* 311 Ky. 429, 224 S.W.2d 427 (1949); *Crum v. Commonwealth,* 232 Ky. 331, 23 S.W.2d 550 (1930).

Accordingly, this appeal is dismissed.

ALL CONCUR.