# Supreme Court of Kentucky

2019-SC-0130-DG

COMMONWEALTH OF KENTUCKY                                              APPELLANT

ON REVIEW FROM COURT OF APPEALS
NO. 2016-CA-1500
V.                    CAMPBELL CIRCUIT COURT NO. 14-CR-00865

ERIN HESS                                                                APPELLEE

## ORDER DENYING PETITION FOR REHEARING AND MODIFYING OPINION

This matter is before the Court on the Appellee's Petition for Rehearing and/or Modification of the Opinion of the Court, rendered June 17, 2021. The Court having reviewed the record and being otherwise fully and sufficiently advised, hereby ORDERS:

1. The Petition for Rehearing, of the Opinion of the Court, rendered June 17, 2021, filed herein by the Appellee, is DENIED.

2. However, to the extent the Opinion of June 17, 2021, contains a typographical error on page 9, which does not affect the holding, the Opinion is MODIFIED on its face by substitution of the attached Opinion.

All sitting. All concur.

ENTERED: August 26, 2021.

_____
CHIEF JUSTICE

# Supreme Court of Kentucky

2019-SC-0130-DG

COMMONWEALTH OF KENTUCKY             APPELLANT

V.             ON REVIEW FROM COURT OF APPEALS
NO. 2016-CA-1500
CAMPBELL CIRCUIT COURT NO. 14-CR-00865

ERIN HESS             APPELLEE

**OPINION OF THE COURT BY JUSTICE CONLEY**

**<u>REVERSING</u>**

The Fugitive Disentitlement Doctrine (FDD) recognizes the principle that when a criminal defendant absconds and remains a fugitive during his or her appellate process, dismissal of the appeal is an appropriate sanction. In this case, the Campbell Circuit Court revoked Erin Hess' probation, which Hess then appealed. Hess was subsequently paroled but has now absconded from that parole and remains a fugitive. The issue we resolve in this case is whether the Court of Appeals erred in failing to dismiss Erin Hess' appeal of her probation revocation. We hold that the Court of Appeals erred and therefore reverse its opinion and remand to that court with instruction to dismiss Hess' appeal.

## I.  BACKGROUND

In January 2015, Hess pled guilty before the Campbell Circuit Court to first-degree possession of a controlled substance, possession of drug paraphernalia, and endangering the welfare of a minor.  While taking her plea, the trial court informed Hess of her constitutional right to appeal.  She expressly waived that right and did not seek appellate review of her conviction.  She was sentenced to serve a total of two years on all charges.  The trial court granted Hess probation for three years upon standard terms and conditions.

In August 2016, Hess' local probation officer filed with the trial court a supervision-violation report and accompanying affidavit.  The report and affidavit stated that Hess had, according to her Ohio probation officer, violated multiple terms of her probation and absconded from supervision.  The trial court immediately issued an arrest warrant, which was eventually served on Hess.

On September 7, 2016, the trial court held a probation revocation hearing.  At the hearing, the trial court found that Hess had violated the terms and conditions of her probation by absconding.  However, the court incorrectly ruled that because Hess absconded, it was not required to find, under KRS[1] 439.3106, whether her behavior constituted a significant risk to prior victims or the community at large and whether she could be managed in the

---

[1] Kentucky Revised Statutes.

community. The trial court revoked Hess' probation, remanding her to the Department of Corrections.

On September 13, 2016, Hess appealed the order revoking her probation. However, two months after her probation revocation, the Department of Corrections granted Hess parole. Five months thereafter, in March 2017, Hess absconded from parole. To date, she has not returned and remains a fugitive.

The Commonwealth asked the Court of Appeals to dismiss the probation revocation appeal under the FDD. The Court of Appeals declined to do so. In its Opinion Vacating and Remanding the trial court's revocation of Hess' probation, the Court of Appeals correctly pointed out that the trial court erred by not making findings consistent with KRS 439.3106. However, the Court of Appeals went on to find that the FDD did not apply in this case because its application was discretionary; no direct connection existed between Hess' appeal and her absconsion; and the application of the doctrine would violate Hess' constitutional right to appeal.

The Commonwealth appealed and discretionary review was granted.

## II. ANALYSIS

The Commonwealth's appeal is based upon the holding of the Court of Appeals that Hess' absconsion had no connection to her appeal and subsequent refusal to take judicial notice of her absconsion under KRE 201. The appellate panel reasoned that Hess had a constitutional, not statutory, right to appeal and that application of the FDD would deprive her of that right.

3

We review conclusions of law *de novo. Jackson v. Commonwealth,* 187 S.W.3d 300, 305 (Ky. 2006).

The principle is long-established that when a defendant absconds during the appellate process and remains a fugitive, dismissal of the appeal is an appropriate sanction. Courts in this Commonwealth have applied this doctrine for well over a hundred and forty years. In *Wilson v. Commonwealth*, 73 Ky. 526, 527 (1875), this Court's predecessor held:

> It seems to us clear, both upon principle and authority, that the motion [to dismiss] ought to be sustained. The court ought not to do a nugatory act; yet, if we proceed to try this appeal, the appellant cannot be compelled to submit to our decision if it should be against him, and ought not therefore to be allowed to reap the benefit of a decision in his favor. He might thus be enabled to defeat the ends of justice entirely, for he may be able to keep beyond the reach of the officers until by death or removal of witnesses or other causes his conviction upon a second trial would be rendered improbable, if not impossible. As he has chosen to undertake to relieve himself by flight, in contempt of the authority of the court and of the law, he cannot also invoke the aid of this court.

*See also Jackson v. Commonwealth,* 247 S.W.3d 52, 53 (Ky. 1952); *Harris v. Commonwealth*, 224 S.W.2d 427 (Ky. 1949); *Crum v. Commonwealth*, 23 S.W.2d 550 (Ky. 1930); *Norton v. Commonwealth*, 78 Ky. 501, 502 (1880).

As recently as 2013, the Court of Appeals applied the Doctrine in the case of *Lemaster v. Commonwealth*, 399 S.W.3d 34 (Ky. App. 2013). Lemaster had his probation revoked after never reporting to his probation supervisor. On appeal, Lemaster argued that his due process rights had been violated since the probation hearing had been held in abstention due to his continued

4

fugitive status.  *Id.* at 34.  The Court of Appeals dismissed the appeal, quoting *Molinaro v. New Jersey*, 396 U.S. 365, 366, (1970):

> No persuasive reason exists why [courts] should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escaped from the restraints placed upon him pursuant to conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims. . . . [W]e conclude . . . that the Court has the authority to dismiss the appeal on this ground.

399 S.W.3d at 35.  In *LeMaster*, the court acknowledged the long-standing precedent of applying the FDD by Kentucky courts by noting appeal dismissals based on the fugitive status of the appellants.  *Id.* (citing *Harris v. Commonwealth*, 311 Ky. 429, 2214 S.W.2d 427 (1949); *Crum v. Commonwealth*, 232 Ky. 331, 23 S.W.2d 550 (1930)).

In this case, the Court of Appeals distinguished *Lemaster* simply because Hess had been present for the probation revocation hearing and at the initiation of the appeals process.  However, the Court of Appeals declined to take judicial notice of the fact that Hess had absconded <u>again</u>, this time while on parole, thus putting her squarely within the FDD as a fugitive while the process of the appeal is ongoing.

The Court of Appeals relied upon *Ortega-Rodriguez v. United States*, 507 U.S. 234, 244 (1993), which suggests that application of the FDD requires "some connection between a defendant's fugitive status and the appellate process[.]"  However, in *Ortega-Rodriguez*, the absconding defendant returned and then filed an appeal.  The Court ruled against applying the FDD because

5

the return indicated no connection between the absconsion and the appeal. The Court stated that "[a]bsent some connection between a defendant's fugitive status and his appeal, **as provided when a defendant is at large during 'the ongoing appellate process**,' *Estelle* [*v. Dorrough*, 420 U.S. 534, 542, n. 11 (1975)], the justifications advanced for dismissal of fugitives' pending appeals generally will not apply." 507 U.S. at 249 (emphasis added). In this case, a connection is clearly present. Hess has absconded a second time, subsequent to filing her appeal, and thus is not present to be part of the appeal process. This factual scenario is the exact connection *Ortega-Rodriguez* indicates is appropriate for applying the FDD. In fact, during oral argument, Hess' counsel indicated that Hess is waiting to see how this Court rules on her appeal to decide whether to make herself available to the authority of the court and the law. This case's fact pattern is a perfect example of when the FDD should be applied since it is fundamentally offensive that a person who has removed herself from the justice system should potentially reap its benefits should the appellate process decide in her favor. Hess' actions are exactly what the FDD intended to prevent.

The Court of Appeals also stated that it was not going to apply the FDD because to do so would deprive Hess of her constitutional right to appeal. The Court mistakenly believed Hess still possessed a constitutional right of appeal that would be applicable to this case.

Ky. Const. § 115 confers to a defendant a single, direct appeal as a matter of right. *See Hollon v. Commonwealth*, 334 S.W.3d 431, 435 (Ky. 2010)

6

(single appeal as a matter of right); *see also Moore v. Commonwealth*, 199 S.W.3d 132, 137 (Ky. 2006) (first appeal is a matter of constitutional right). Hess was informed of her constitutional right to appeal and expressly waived that right when she pled guilty. Additionally, the trial court informed her of the constitutional right to appeal at her sentencing hearing. The principle is well-established that a defendant may waive his or her constitutional right if done knowingly and voluntarily. *Johnson v. Commonwealth,* 354 S.W.3d 141, 143 (Ky App. 2011).

In this case, Hess signed AOC Form 491, a Motion to Enter a Guilty Plea, which specifically, and in bold letters listed her constitutional rights including her right to appeal her case to a higher court. Also, in bold letters, directly under this list, was the notice that if she pled guilty, she was waiving those rights. Hess declared, in her motion, that her plea of guilty was freely, knowingly, intelligently and voluntarily made and that her attorney fully explained her constitutional rights to her. Additionally, in taking the guilty plea, the trial court conducted a *Boykin*[2] colloquy to ensure Hess' plea was made voluntarily, intelligently and with the knowledge she was waiving her right of appeal. Hess orally and in writing waived her constitutional appeal under Ky. Const. § 115. *See Windsor v. Commonwealth*, 250 S.W.3d 306, 307 (Ky. 2008) (explaining that § 115 authorizes a direct appeal, but that an unconditional guilty plea waives the right with limited exceptions that are not

---

[2] *Boykin v. Alabama*, 395 U.S. 238 (1968).

applicable to this case). With her constitutional right of appeal gone, any appeal thereafter must be statutorily based.

Finally, Hess and the Commonwealth agree that this Court has characterized probation hearings as collateral, post-conviction proceedings. *See Jackson v. Commonwealth*, 319 S.W.3d 343, 346 (Ky. 2010). The right to appeal to the Court of Appeals from a collateral, post-conviction circuit court order is statutory, not constitutional. In *Jackson*, we noted that "probation revocation orders do not constitute judgements imposing a sentence as required by Ky. Const. § 110 (2)(b). Such orders, absent unusual circumstances not present here, simply cannot provide a basis for a matter of right appeal[.]" *Id.* at 346-47.

KRS 22A.020(1) states in relevant part that "[a]n appeal may be taken as a matter of right to the Court of Appeals from any conviction, final judgment, order, or decree in any case in Circuit Court." Hess' appeal of the trial court's order revoking her probation was a statutory right to appeal, not a constitutional one.

Since Hess' right to appeal was statutory under KRS 22A.020(1), the issue of whether the FDD would deprive Hess of a constitutional right is moot. And while the application of the FDD is discretionary, the Court of Appeals' denial to apply it in this case is inextricably intertwined with the incorrect conclusion of law that Hess had a constitutional right to appeal. Accordingly, this Court shall invoke Kentucky Rule of Evidence (KRE) 201 and take judicial notice of all governmental documents and public records indicating Hess'

8

absconsion, specifically the parole revocation warrant based upon absconsion and her counsel's admission at oral argument that Hess remains a fugitive at this time.

In absconding, Hess forfeited any statutory right to appeal that she might have had. This forfeiture applies irrespective of the validity of her underlying appellate claim. Here, the trial court erred by failing to make the requisite findings of fact prior to ordering revocation. KRS 439.3106(1)(a). It is elementary that "[f]indings are a prerequisite to any unfavorable decision and are a minimal requirement of due process of law." *Rasdon v. Commonwealth*, 701 S.W.2d 716, 719 (Ky. App. 1986) citing *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). *See also Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014); *McClure v. Commonwealth*, 457 S.W.3d 728 (Ky. App. 2015). Because the FDD applies, we have no means to correct the trial court's error. That should not, however, be taken to imply approval of the trial court's error. Absconsion does not excuse the trial court from fulfilling its statutory requirements and making the findings required under KRS 439.3106(1)(a).

Though the trial court made a fact-finding error in its order revoking Hess' probation, Hess cannot invoke the rules of the legal system, abscond from that same system, and expect to be rewarded. Hess disentitled herself from pursuing her statutory right to appeal a collateral, post-conviction trial court ruling by absconding during the process of her appeal. The Court of Appeals erred in in their conclusions of law by granting Hess a constitutional

9

right that did not exist. As a result, they failed to apply the FDD and to dismiss Hess' appeal.

### III. CONCLUSION

For the foregoing reasons, we reverse the Court of Appeals opinion vacating the Campbell Circuit Court's Order revoking Hess' probation, and remand to the Court of Appeals with direction to dismiss Hess' appeal.

All sitting.  All concur.

COUNSEL FOR APPELLANT:

Daniel J. Cameron
Attorney General of Kentucky

James Daryl Havey
Assistant Attorney General of Kentucky

COUNSEL FOR APPELLEE:

Adam Meyer
Assistant Public Advocate