RENDERED: SEPTEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2017-CA-2022-MR
&
NO. 2017-CA-2044-MR

BRANDON COLLINS                 APPELLANT

|  | APPEAL FROM HARDIN CIRCUIT COURT |
|---|---|
| v. | HONORABLE KELLY MARK EASTON, JUDGE |
|  | ACTION NOS. 16-CR-00178 & 16-CR-00142 |

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE: JONES, KRAMER,[1] AND K. THOMPSON, JUDGES.

KRAMER, JUDGE: Brandon Collins appeals from an order of the Hardin Circuit

Court revoking his probation. This Court held the case in abeyance pending

---

[1] Judge Joy A. Kramer authored and signed the above-styled Opinion and Order Dismissing prior to her retirement effective September 1, 2021. Release of this Opinion and Order Dismissing was delayed due to administrative handling.

*Commonwealth v. Hess*, ___ S.W.3d ___, No. 2019-SC-0130-DG, 2021 WL 2619707 (Ky. Jun. 17, 2021), *as modified on denial reh'g* (Aug. 26, 2021).[2] Based upon *Hess*, we now apply the Fugitive Disentitlement Doctrine (FDD) and dismiss Collins's appeal.

In June 2016, Collins pleaded guilty to: (1) two counts of illegal possession of a controlled substance in the first degree; (2) two counts of illegal possession of drug paraphernalia; (3) burglary in the second degree; and (4) escape in the second degree. The Commonwealth recommended a ten-year sentence probated for five years in exchange for Collins's plea. One of the conditions of his probation was completion of the Hardin County felony drug court program.

Collins began drug court in January 2017 and was an active participant for the first few months. However, he was terminated from the drug court program in October 2017 after multiple violations. Collins then absconded probation supervision; did not contact his drug court supervisor; and was unable to be located. He was ultimately arrested in November 2017.

The Commonwealth moved to revoke Collins's probation, and the circuit court granted the motion in an order entered December 5, 2017. This appeal followed. However, during the pendency of the appeal, Collins was granted

---

[2] Finality entered August 26, 2021 pursuant to Kentucky Rule of Civil Procedure 76.30(2)(c) and designated to be published.

parole and subsequently absconded supervision. On February 15, 2019, this Court ordered Collins to show cause why the appeal should not be dismissed, but we eventually ordered the case be held in abeyance pending resolution of *Hess* in the Kentucky Supreme Court.

On April 2, 2019, counsel for Collins filed a notice with this Court indicating that Collins was once again in custody. However, public records indicate he was paroled for the second time in September 2020, and *again* absconded supervision.[3] He was arrested on or about June 19, 2021.[4]

When a criminal defendant absconds and remains a fugitive during his or her appellate process, dismissal of the appeal is an appropriate sanction under the long-standing FDD. *Hess*, 2021 WL 2619707, at \*1. In 2013, this Court reasoned that

> [n]o persuasive reason exists why [courts] should
> proceed to adjudicate the merits of a criminal case after
> the convicted defendant who has sought review escapes
> from the restraints placed upon him pursuant to the
> conviction. While such an escape does not strip the case
> of its character as an adjudicable case or controversy, we

---

[3] "A court may properly take judicial notice of public records and government documents, including public records and government documents available from reliable sources on the internet." *Polley v. Allen*, 132 S.W.3d 223, 226 (Ky. App. 2004) (footnote omitted). Although it is unclear from the public records when Collins absconded from parole supervision in the second instance, the Kentucky Online Offender Lookup (KOOL) system listed Collins as "absconded" and his supervision begin date as September 29, 2020.

[4] Kentucky's Victim Information and Notification Everyday (VINE) system showed that Collins was arrested and in custody at the Hardin County Detention Center. The detention center's website showed that Collins was booked on June 19, 2021.

> believe it disentitles the defendant to call upon the resources of the Court for determination of his claims. . . . [W]e conclude . . . that the Court has the authority to dismiss the appeal on this ground.

*Lemaster v. Commonwealth*, 399 S.W.3d 34, 35 (Ky. App. 2013) (quoting *Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S. Ct. 498, 498-99, 24 L. Ed. 2d 586 (1970)).

Similar to the defendant in *Hess*, Collins was present for the revocation hearing and the beginning of the appellate process. While Hess absconded once while on parole, public records show that Collins absconded at least twice. As a consequence, he has been largely absent from the appellate process. Applying the Kentucky Supreme Court's reasoning in *Hess*, we also conclude that Collins's appeal "is a perfect example of when the FDD should be applied since it is fundamentally offensive that a person who has removed [him]self from the justice system should potentially reap its benefits should the appellate process decide in [his] favor. [Collins's] actions are exactly what the FDD intended to prevent." *Hess*, 2021 WL 2619707, at *3.[5]

---

[5] Similar to the defendant in *Hess*, we also note that Collins waived his constitutional right to a single, direct appeal when he entered a guilty plea. *See* KY. CONST. § 115; *Hess*, 2021 WL 2619707, at *3. Collins signed AOC Form 491, Motion to Enter a Guilty Plea, which specifically stated he understood he was waiving his right to appeal his case to a higher court. Although he appealed the order revoking his probation, he did so under Kentucky Revised Statute (KRS) 22A.020(1).

Accordingly, it is hereby ORDERED that this appeal be, and is,

DISMISSED.


ALL CONCUR.

ENTERED: September 3, 2021    _____
                              JUDGE, COURT OF APPEALS[6]



BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Samuel N. Potter              Andy Beshear
Frankfort, Kentucky           Attorney General of Kentucky
                              (former)

                              Ken W. Riggs
                              Assistant Attorney General
                              Frankfort, Kentucky

---

[6] Electronically signed on August 30, 2021.