RENDERED:  JANUARY 10, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1347-MR

CRYSTAL RHEIN                                                        APPELLANT

v.        APPEAL FROM HARDIN CIRCUIT COURT
          HONORABLE LARRY ASHLOCK, JUDGE
          ACTION NO. 21-CR-00396

COMMONWEALTH OF KENTUCKY                                             APPELLEE

AND

NO. 2023-CA-1348-MR

CRYSTAL RHEIN                                                        APPELLANT

v.        APPEAL FROM HARDIN CIRCUIT COURT
          HONORABLE LARRY ASHLOCK, JUDGE
          ACTION NO. 21-CR-00398

COMMONWEALTH OF KENTUCKY                                             APPELLEE

AND

NO. 2023-CA-1349-MR

CRYSTAL RHEIN                                                        APPELLANT

v.                          HONORABLE LARRY ASHLOCK, JUDGE
                            ACTION NO. 21-CR-00399


COMMONWEALTH OF KENTUCKY                                    APPELLEE



OPINION AND ORDER
DISMISSING APPEAL

** ** ** ** **

BEFORE:  ECKERLE, L. JONES, AND KAREM, JUDGES.

ECKERLE, JUDGE:  Appellant, Crystal Rhein ("Rhein"), brings these

consolidated appeals from orders of the Hardin Circuit Court revoking her

probation and imposing her sentence of imprisonment.  Because Rhein has been a

fugitive during most of the pendency of these appeals, she has forfeited her

statutory right to appeal the Trial Court's collateral, post-conviction ruling.  Hence,

we dismiss her appeal.

       In April 2021, a Hardin County Grand Jury returned three

indictments, each charging Rhein with one count of Flagrant Non-Support, a Class

D felony.  Kentucky Revised Statute ("KRS") 530.050.  The indictments alleged

that Rhein failed to remain current on her child-support obligations commencing in

2008, 2010, and 2017, respectively.  Prior to the indictments, all three matters were

the subject of civil child-support and criminal non-support proceedings in the Hardin District Court.

In July 2021, Rhein entered into guilty plea agreements with the Commonwealth in all three cases. In exchange for a combined sentence of five years' imprisonment probated for five years, Rhein agreed to pay her child-support obligation. The Trial Court entered three Judgments of Conviction and Orders of Probation on September 3, 2021.[1]

In August 2022, the Commonwealth filed motions to revoke Rhein's probation, stating that she had failed to pay her child-support obligations as set forth in the plea agreements. On October 11, 2022, Rhein stipulated to the violations. But pursuant to an agreement with the Commonwealth, the Trial Court declined to revoke her probation. Rather, the Trial Court directed that Rhein attend and complete the "Goodwill – Way to Work" program.

The matter was continued several times to allow Rhein to provide information about her income from Social Security Disability and her efforts to find employment. At a hearing on August 29, 2023, the Commonwealth

---

[1] The Trial Court signed the Orders of "Judgment and Sentence on Plea of Guilty" following the final sentencing hearing on August 17, 2021, but the clerk did not enter them until September 3, 2021. The Judgments imposed five-year sentences under each indictment but do not specify that the sentences were to run concurrently with each other. However, the Judgments state that the sentences were to run "consecutively with any other sentence pursuant to plea agreement." Despite the ambiguity in the Judgments, Rhein and the Commonwealth agree that the total sentence imposed under all three indictments collectively was five years.

-3-

documented Rhein's infrequent payments on her child-support obligations since her sentencing, as well as her arrearages. Rhein provided no proof that she made any recent payments or that she was seeking employment. Rhein testified that she received about $11,000 in back payments from Social Security. But she spent the money on rent, a new vehicle, and other personal expenditures. She did, however, document her disability status and testified regarding her income and expenses. Rhein also testified that she attended the Goodwill program but could not find employment. At the conclusion of the hearing, the Trial Court declined to revoke Rhein's probation but directed her to provide documentation of her expenses and proof that she had applied for at least a dozen jobs.

While the Trial Court directed Rhein to provide this documentation within 30 days, it did not schedule an additional hearing. On October 9, 2023, Rhein's counsel filed a motion to re-docket "to address the outstanding requirements." At Rhein's request, the hearing was scheduled for October 31, 2023. But at the start of this hearing, Rhein's counsel informed the Trial Court that Rhein was in the hospital and would not be present. The Commonwealth advised the Trial Court that no additional child-support payments had been received since the August 29 hearing. The Trial Court also took note that Rhein did not attempt to provide any of the documentation it had previously required. The Trial Court declined to issue a bench warrant and instead revoked Rhein's probation without a

hearing and sentenced her in absentia to five years' incarceration. Sometime later, and apparently without any further information, the Trial Court issued bench warrants for Rhein's arrest. On November 13, 2023, the Clerk's office entered the Trial Court's orders that had been issued two-weeks earlier revoking Rhein's probation.[2] Thereafter, Rhein's counsel filed these appeals while she remained on the lam. Thus, it is not clear whether she was even involved in or aware of the appeal or rather, whether her counsel acted alone on her behalf without her knowledge. Counsel claimed that the Trial Court abused its discretion because the now-absent Rhein could be appropriately managed in the community, of which she was at large, and allegedly did not pose any risk while being entirely unsupervised.

The Commonwealth countered that Rhein's counsel's appeals should be dismissed pursuant to the Fugitive Disentitlement Doctrine ("FDD"). The rule provides that when a defendant absconds during the appellate process and remains a fugitive, dismissal of the appeal is an appropriate sanction. *Commonwealth v. Hess*, 628 S.W.3d 56 (Ky. 2021).

---

[2] In its Order revoking probation, the Trial Court found that Rhein failed to abide by the terms and conditions of her probation by "non[-]payment of child[-]support obligation." In addressing the statutory findings required by KRS 439.3106, the Trial Court checked the boxes on an AOC form finding that "such violation(s) constitute a significant risk to . . . prior victims of the Defendant or . . . the community at large (including the Defendant) and cannot be appropriately managed in the community." The Court's handwritten finding added "the Court finds that the failure to pay the support obligation is a risk to the child and there is no bona fide effort to pay the support. Further, [defendant] was ordered to provide the Court with efforts to find a job; i.e. job applications & in over two (2) months has failed to provide the Court with any action [sic] any job has been sought."

In *Hess*, the defendant absconded from supervision, and the Commonwealth moved to revoke her probation. *Id.* at 57. After she was arrested, the trial court revoked her without findings of either danger or non-manageability without incarceration. KRS 439.3106. While the defendant appealed, she absconded again after being paroled. *Hess*, 628 S.W.3d at 58. The Commonwealth moved to dismiss her appeal based upon the FDD.

This Court denied the motion to dismiss in *Hess*, reasoning that application of FDD would violate the constitutional right to appeal, and that the trial court was required to make findings under KRS 439.3109. *Id.* The Supreme Court reversed noting the long-standing FDD, providing that when a defendant absconds during the appellate process and remains a fugitive, the defendant forfeits the right to invoke the aid of appellate courts. *Hess*, 628 S.W.3d at 58 (citing *Wilson v. Commonwealth*, 73 Ky. 526, 527 (1875); *Jackson v. Commonwealth*, 247 S.W.2d 52, 53 (Ky. 1952); *Harris v. Commonwealth*, 311 Ky. 429, 224 S.W.2d 427 (1949); *Crum v. Commonwealth*, 232 Ky. 331, 23 S.W.2d 550 (1930); *Norton v. Commonwealth*, 78 Ky. 501, 502 (1880), and *Lemaster v. Commonwealth*, 399 S.W.3d 34 (Ky. App. 2013)). The Supreme Court held that, "[i]n absconding, Hess forfeited any statutory right to appeal that she might have had. This forfeiture applies irrespective of the validity of her underlying appellate claim." *Id.* at 60. Thus, dismissal of the appeal was the only appropriate sanction. *Id.* at 61.

Very recently, in *Anderson v. Commonwealth*, No. 2023-SC-0337-DG, 2024 WL 5172358 (Ky. Dec. 19, 2024), the Kentucky Supreme Court clarified that the FDD does not automatically apply to fugitives who have voluntarily surrendered themselves to custody before the assertion of the FDD. *Id.* at \*4 (citing *Ortega-Rodriguez v. United States*, 507 U.S. 234, 246, 113 S. Ct. 1199, 1207, 122 L. Ed. 2d 581 (1993)). Rhein's appellate counsel recently advised this Court that Rhein was arrested on the bench warrant on October 16, 2024. As of this writing, she appears to be lodged in the Hardin County Detention Center. Unlike in *Anderson*, Rhein did not voluntarily surrender herself. Moreover, Rhein was a fugitive for almost one year and during most of the pendency of this appeal, well past the point when the Commonwealth first asserted the application of the FDD.

While we have some discretion to decline to apply the FDD here, we have no legitimate basis to offer relief. Rhein "disentitled herself from pursuing her statutory right to appeal a collateral, post-conviction trial court ruling by absconding during the process of her appeal." *Hess*, 628 S.W.3d at 61. As in *Hess*, Rhein "cannot invoke the rules of the legal system, abscond from that same system, and expect to be rewarded." *Id.* Moreover, and as stated by our Supreme Court, "it is fundamentally offensive that a person who has removed herself from

the justice system should potentially reap its benefits should the appellate process decide in her favor." *Id.* at 59.

Accordingly, we dismiss Rhein's appeal.

ALL CONCUR.

ENTERED: _January 10, 2025__

_____
JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Steven J. Buck
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky