RENDERED:  JUNE 27, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0327-MR

NASHEIM DIXON                                                 APPELLANT

v.                 APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE THOMAS L. TRAVIS, JUDGE
ACTION NO. 21-CR-00619-001

COMMONWEALTH OF KENTUCKY                     APPELLEE

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  COMBS, ECKERLE, AND L. JONES, JUDGES.

COMBS, JUDGE:  Nasheim Dixon entered a conditional guilty plea to trafficking in a controlled substance, first degree (fentanyl), and possession of a firearm by a convicted felon.  He was sentenced to a total of six-years' imprisonment.  On appeal, Dixon argues that he was improperly seized by law enforcement and that the trial court erred by denying his motion to suppress evidence.  After our review, we dismiss the appeal.

On or about April 15, 2021, the Lexington Police Department and FBI were planning to arrest Cequan Wilson at a Lexington hotel. Wilson was a known drug trafficker who was believed to be armed based on information from a confidential informant. Dixon was seen interacting with Wilson outside the hotel. When law enforcement approached, Dixon was detained at the same time Wilson was arrested.

Dixon admitted to police that he was armed. Police also found fentanyl and marijuana on Dixon's person. Dixon was eventually indicted on numerous charges related to the incident. He filed a motion to suppress the evidence seized, arguing that law enforcement lacked sufficient probable cause or reasonable suspicion to detain him. Dixon's motion was denied, and he subsequently entered into a conditional plea agreement with the Commonwealth. The trial court accepted his plea and sentenced Dixon to six-years' imprisonment. This appeal followed.

Upon the Court's initial review of this matter and the Kentucky Online Offender Lookup (KOOL), it appeared that Dixon was released on parole on or about December 30, 2024.[1] However, it also appeared that he absconded from supervision during the pendency of this appeal. In light of this information, the

---

[1] "A court may properly take judicial notice of public records and government documents, including public records and government documents available from reliable sources on the internet." *Polley v. Allen*, 132 S.W.3d 223, 226 (Ky. App. 2004) (footnote omitted).

Court, *sua sponte*, ordered Dixon to show cause why the appeal should not be dismissed under the Fugitive Disentitlement Doctrine (FDD). In doing so, we recognized that this Court should not rely solely on KOOL for determination of fugitive status pursuant to *Herald v. Commonwealth*, 705 S.W.3d 531, 532 (Ky. App. 2025). Therefore, by means of our show cause order, we sought to ascertain his status before dismissing his appeal.

Dixon's counsel filed a response to the show cause order in which she declined to directly address whether he had absconded. The Commonwealth also responded by providing an affidavit from Samuel Daniel, Dixon's supervising officer at the Department of Probation and Parole, which stated that Dixon absconded from supervision on or about April 4, 2025, that he remains at large, and that his whereabouts are unknown. This Court entered a separate order advising Dixon that he had failed to show cause and that the appeal would be dismissed.

Dixon argues that his appeal is unconditionally guaranteed under §115 of the Kentucky Constitution and that it cannot be waived. We disagree. Dixon was not denied his constitutional right to file an appeal. However, he cannot establish that an appellant has an unqualified constitutional right to have his appeal heard on the merits in every instance. For example, this Court may dismiss *any* appeal for failure to follow the Rules of Appellate Procedure. The Commonwealth

also points out numerous instances where -- through his own actions -- a defendant may waive his constitutional rights. A defendant who fails to appear for (or voluntarily leaves during) trial can still be tried. *See Sloss v. Commonwealth*, 709 S.W.3d 102 (Ky. 2024) ("[T]here is no question that a defendant need not always verbalize his intent to waive a constitutional right and may instead waive certain rights through conduct." *Id.* at 120); *Collins v. Commonwealth*, 508 S.W.2d 43 (Ky. 1974); *Helton v. Stivers*, 392 S.W.2d 445 (Ky. 1965).

> It is long-standing Kentucky law that:
>
> [n]o persuasive reason exists why [courts] should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims. . . . [W]e conclude . . . that the Court has the authority to dismiss the appeal on this ground.

*Lemaster v. Commonwealth*, 399 S.W.3d 34, 35 (Ky. App. 2013) (quoting *Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S. Ct. 498, 498, 24 L. Ed. 2d 586 (1970)).

We are persuaded that Dixon has waived his right to continue his appeal by virtue of his own conduct in absconding. The appeal is, therefore, dismissed.

ALL CONCUR.

ENTERED: June 27, 2025___    _____
                            JUDGE, COURT OF APPEALS


BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Emily Holt Rhorer              Russell Coleman
Frankfort, Kentucky            Attorney General of Kentucky

                               Todd D. Ferguson
                               Assistant Attorney General
                               Frankfort, Kentucky